## Chicago Union Traction Company v. Louisa Olsen.

### Gen. No. 10,983.

1. INSTRUCTIONS—*when limiting number of, is not reversible error.* Where the court during the trial of a cause limited the number of instructions which might be presented and more than such number were presented by the losing party and such additional instructions refused by the court, such action is not reversible error where the substance of the instructions so refused was contained in other instructions given.

2. INSTRUCTIONS—*effect of failure to mark.* The mere failure to mark instructions given or refused, as required by statute, is not ground for reversal.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 18, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

OSCAR M. TORRISON, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee rendered in an action for personal injuries. She claims to have been injured by the sudden starting of one of appellant's cable trains just as she was about to alight therefrom, throwing her from the step or running board of the car to the ground. Evidence introduced by appellant tends to show that appellee was endeavoring to get off the car while it was in motion, and was injured through her own

negligence. It is conceded, however, that the testimony upon this point is utterly irreconcilable, and appellant urges that the judgment should be reversed for alleged errors of the trial court in instructing the jury.

Certain of the instructions presented by appellant were marked " not received," instead of " given " or " refused." Early in the trial the court on its own motion entered an order limiting the number of instructions to fifteen on either side. The instructions so marked, however, were in fact refused, and the important question is, whether or not error was committed in this respect by reason of which the verdict and judgment should be set aside. The mere failure to mark is not itself sufficient ground for reversal. C. & A. R. R. Co. v. Robbins, 159 Ill. 595–600. The instructions, the refusal of which is complained of, are three in number. It is contended that they correctly stated the issues raised by the pleadings and should have been given. They referred separately to each of the three counts of the declaration, and were to the effect that unless the jury believed from a preponderance of the evidence that appellee was exercising all due care and diligence, and that the appellant or its servants were careless and negligent in manner and form as charged in each of said counts respectively, they should find appellant not guilty as to each count. It is claimed that the subject-matter of these instructions was not contained in any of the instructions given. It is true that the other instructions did not repeat as to each of the counts separately and in turn the subject-matter of these instructions, and it was not necessary to do so in order to state the issues raised by the pleadings. The issues and the principles of law applicable were fully stated in other instructions. It was unnecessary to repeat substantially the same thing as to each count separately. This is true also as to the instruction the refusal of which is complained of, repeating, in substance, the doctrine of contributory negligence which was correctly stated in other instructions.

The judgment of the Superior Court must be affirmed.

*Affirmed.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.